# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SADIE FRAZIER, personally as SPECIAL )
ADMINISTRATOR for the Estate of Eddie )
Jackson, STACIE BOLEY, Individually; LILLIE )
MAE JACKSON, Individually; TIMOTHY )   Case No. 2:06-CV-01196-KJD- PAL
JACKSON, Individually; CHRISTOPHER )
GRIFFEN, Individually; CURTIS MAYSE, )   **ORDER**
Individually; and STANLEY ASBURY, )
Individually, )
                                              )
            Plaintiffs, )
                                              )
    vs. )
                                              )
WILLIAM PRICE, Individually; SAHARA, INC., )
and DOES I-V, and ROE CORPORATIONS, I- )
V, Inclusive, )
                                              )
            Defendants. )
                                              )

Presently before the Court is Plaintiff's Motion for Remand (#4) to which Defendant filed a response in opposition (#7).

I. Facts and Procedural History

Plaintiffs filed their initial complaint in Nevada state court alleging that Defendant William Price caused a motor vehicle accident resulting in the death of Eddie Jackson and causing personal injury to Plaintiffs Curtis Mayse and Stanley Asbury. Plaintiffs are citizens of Nevada, Louisiana, and Pennsylvania. Plaintiffs sued Price and his employer, Defendant Sahara, Inc., a Utah corporation with its principal place of business located in Utah.

1          On September 25, 2006, Defendants filed a timely Notice of Removal.  Plaintiffs filed
2 the present motion on September 27, 2006, arguing that complete diversity did not exist
3 between Plaintiffs and Defendants.  Plaintiffs argue that William Price is a citizen of Nevada,
4 citing the police report compiled by the North Las Vegas Police Department following the
5 motor vehicle accident noting William Price's address as "4249 Lawrence, North Las Vegas,
6 NV 89031."
7          In response, Defendants offer the affidavit of William Price.  Price avers that he was in
8 Las Vegas working on a construction project for his employer, Defendant Sahara, Inc.  Price
9 states that he never intended to stay in Nevada, planning on returning to Utah where his wife
10 and child live once the construction project was completed.  He lived in an apartment that
11 Defendant, Sahara, Inc. rented for him during the week, and returned to Utah most weekends.
12 Price is not registered to vote in Nevada and has never held a Nevada driver's license.
13 II. Analysis
14          In order for removal to be appropriate, complete diversity of citizenship must exist
15 between Plaintiffs and Defendants both at the time of removal and at the time the complaint was
16 filed in state court.  See Strotek Corp. v. Air Transp. Ass'n of Am., 300 F.3d 1129, 1131 (9th
17 Cir. 2002).  There is a strong presumption against removal and the removing defendant has the
18 burden of proving all jurisdictional facts and establishing that removal is proper.  See Abrego
19 Abrego v. The Dow Chemical Co., 443 F.3d 676, 682-83, (9th Cir. 2006).
20          For purposes of determining removability, a person's state citizenship is determined by
21 his state of domicile, not his mere residence.  See Kanter v. Warner-Lambert Co., 265 F.3d 853,
22 857 (9th Cir. 2001).  A person's domicile is his permanent home where he resides with the
23 intention to remain, or where he intends to return.  See Gaudin v. Remis, 379 F.3d 631, 636 (9th
24 Cir. 2004).  A person residing in a given state is not necessarily domiciled there or a citizen of
25 that state.  See Kanter, 265 F.3d at 857.
26          In this case, diversity is present.  At the time Plaintiffs' filed their complaint and at the
27 time of removal, Price was a citizen of Utah.  Defendants met their burden of proving all
28 jurisdictional facts showing that removal was proper by submitting Price's uncontested

affidavit. The affidavit established that Price had purchased property in Utah, held a Utah driver's license, was registered to vote in Utah, and maintained a permanent residence in Utah with an intention to return to Utah once the construction project in Nevada was completed at the time that the complaint was filed and at the time that it was removed.

III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (#4) is **DENIED.**

DATED this 8th day of December 2006.

_____
Kent J. Dawson
United States District Judge