UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SADIE FRAZIER, personally as SPECIAL ADMINISTRATOR for the Estate of Eddie Jackson, STACIE BOLEY, Individually; LILLIE MAE JACKSON, Individually; TIMOTHY JACKSON, Individually; CHRISTOPHER GRIFFEN, Individually; CURTIS MAYSE, Individually, and STANLEY ASBURY, Individually,<br><br>          Plaintiff,<br><br>v.<br><br>WILLIAM PRICE, individually, SAHARA, INC., and DOES 1–V, Inclusive,<br><br>          Defendants. | Case No. 2:06-CV-01196-KJD-PAL<br><br>**ORDER** |

     Presently before the Court is Defendants' Motion for Summary Judgment on Plaintiff Boley's Claims (#43). Plaintiff filed a response in opposition (#52) to which Defendants replied (#58).

**I. Background**

     On July 20, 2006, a motor vehicle accident at the intersection of Craig Road and Coleman Road in North Las Vegas, Nevada, resulted in the death of Eddie Jackson. Plaintiffs Sadie Frazier,

Lillie Mae Jackson, Timothy Jackson, Stacie Boley, and Christopher Griffen filed suit against William Price, the driver of the second car involved, and against Sahara, Inc., Price's employer.

Plaintiff Boley claims to be the daughter of decedent Jackson. In support of her claim, Boley referred to testimony from her mother, Vanessa Burks, and from Terie Chambers, Boley's aunt, stating that Mr. Jackson is Boley's father, but did not submit affidavits or deposition testimony. Boley did, however, submit deposition testimony from Curtis Mayse, a work colleague and friend of Mr. Jackson, and affidavits from Curtis Mayse and his wife, Michelle Mayse, attesting to Mr. Jackson's statements acknowledging Plaintiff Boley as his daughter. Plaintiff's birth certificate does not identify Eddie Jackson as the father and paternity has not otherwise been legally established. At the time Plaintiff Boley brought her action, DNA testing, which Boley claimed would prove paternity, was still outstanding. However, the DNA test results became available after Boley filed her response in opposition and show that Mr. Jackson is not her biological father.

**II. Standard for Summary Judgment**

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The court need only resolve factual

issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant. See Lujan v. Nat'l Wildlife Fed'n., 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment). Evidence must be concrete and cannot rely on "mere speculation, conjecture, or fantasy. O.S.C. Corp. v. Apple Computer, Inc., 792 F.2d 1464, 1467 (9th Cir. 1986). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.

### III. Analysis

Defendants assert that summary judgment must be granted because: (1) Under Nevada law only "heirs" may assert an action for wrongful death damages; and (2) there is no evidence that Plaintiff Boley is an heir of decedent Eddie Jackson. Under Nevada law, only heirs have standing to bring a wrongful death action:

> NRS 41.085  Heirs and personal representatives may maintain action.
>
>   1. As used in this section, "heir" means a person who, under the laws of this State, would be entitled to succeed to the separate property of the decedent if he had died intestate. The term does not include a person who is deemed to be a killer of the decedent pursuant to chapter 41B of NRS, and such a person shall be deemed to have predeceased the decedent as set forth in NRS 41B.330.
>
>   2. When the death of any person, whether or not a minor, is caused by the wrongful act or neglect of another, the heirs of the decedent and the personal representatives of the decedent may each maintain an action for damages against the person who caused the death, or if the wrongdoer is dead, against his personal representatives, whether the wrongdoer died before or after the death of the person he injured. If any other person is responsible for the wrongful act or neglect, or if the

       wrongdoer is employed by another person who is responsible for his conduct, the action may be maintained against that other person, or if he is dead against his personal representatives.

Nevada law defines "heir" to mean "persons, including the surviving spouse and the estate, who are entitled by intestate succession to the property of a decedent," N.R.S. 132.165. Where there is no surviving spouse, as in this case, N.R.S. 134.090 requires that "[i]f there is more than one child [of decedent], the estate goes to all the children of the decedent, to share and share alike." "Children" are defined under Nevada law to exclude "a person who is a stepchild, a foster child, a grandchild or any more remote descendant." NRS 132.055. Accordingly, and in the absence of adoption or another operation of law, the definition of "child" presumes paternity, which can be established under Nevada law in accordance with NRS 126.051.[1]

    Boley has produced no facts establishing a presumption that Eddie Jackson is her father, in accordance with N.R.S. 126.051. While Plaintiff has presented affidavits attesting that Eddie Jackson verbally acknowledged being Stacie Boley's biological father, N.R.S. 126.053 requires voluntary acknowledgments of paternity to be "[an] affidavit [proclaiming paternity] . . . signed . . .

---

[1] NRS 126.051 Presumptions of paternity.
  1. A man is presumed to be the natural father of a child if:
  (a) He and the child's natural mother are or have been married to each other and the child is born during the marriage, or within 285 days after the marriage is terminated by death, annulment, declaration of invalidity or divorce, or after a decree of separation is entered by a court.
  (b) He and the child's natural mother were cohabiting for at least 6 months before the period of conception and continued to cohabit through the period of conception.
  (c) Before the child's birth, he and the child's natural mother have attempted to marry each other by a marriage solemnized in apparent compliance with law, although the attempted marriage is invalid or could be declared invalid, and:
    (1) If the attempted marriage could be declared invalid only by a court, the child is born during the attempted marriage, or within 285 days after its termination by death, annulment, declaration of invalidity or divorce; or
    (2) If the attempted marriage is invalid without a court order, the child is born within 285 days after the termination of cohabitation.
  (d) While the child is under the age of majority, he receives the child into his home and openly holds out the child as his natural child.
  (e) Blood tests or tests for genetic identification made pursuant to NRS 126.121 show a probability of 99 percent or more that he is the father.
  2. A presumption under this section may be rebutted in an appropriate action only by clear and convincing evidence. If two or more presumptions arise which conflict with each other, the presumption which on the facts is founded on the weightier considerations of policy and logic controls. The presumption is rebutted by a court decree establishing paternity of the child by another man.

by the mother and [purported] father of the child."

Responding to a set of facts similar to those of the instant case, in <u>Weaks v. Mounter</u>, 493 P.2d 1307 (Nev. 1972), the Nevada Supreme Court described the case of <u>Armijo v. Wesselius</u>, 440 P.2d 471 (1968), in which the father of a baby girl, who was not married to the girl's mother, had "freely and publicly acknowledged his parentage of the impending child before his accidental death but he had not complied with the written acknowledgment of paternity requirements of the Washington statutes." <u>Weaks v. Mounter</u>, 493 P.2d 1307 at 1309. The Nevada Supreme Court concluded that the burden of proof lies with those who assert their right as a child of the deceased, and described "the burden [as] a heavy one." <u>Id.</u> at 1310.

Plaintiff Boley's burden is heavy, and she has failed to carry it. The DNA evidence which Plaintiff's attorneys have argued[2] will conclusively establish Ms. Boley's filial relationship to Eddie Jackson has proven precisely the opposite fact—that "The alleged father [Eddie Jackson] is excluded as the biological father of the tested child. This conclusion is based on the non-matching alleles observed at the loci listed above with a PI [Paternity Index] equal to 0. The alleged father lacks the genetic markers that must be contributed to the child by the biological father. The probability of paternity is 0%." (Doc. #58, <u>Ex. A</u>, at 11).

Plaintiff is not, for the purposes of this case, a "child" of Eddie Jackson and therefore is not an heir, as required by Nevada's wrongful death statute. As a result, Plaintiff does not have standing to pursue this action under Nevada law. Accordingly, Defendants' motion for summary judgment is granted.

////

////

////

---

[2] The fact that Plaintiff arranged for the DNA test, with the expectation that the results would be used to bolster her claims, is sufficient to undermine any objection she might have to Defendants' use of the same evidence now.

5

## IV. Conclusion

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment on Plaintiff Boley's Claims (#43) is **GRANTED**.

DATED this 1st day of June 2007.

_____
Kent J. Dawson
United States District Judge